**Ellas SOTO–ONATE; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–70796.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.\*\*

Decided March 24, 2004.

Gabriela–Kreutzer, Esq., Olympic Law Center, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wendtland, Esq., Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

Elias Soto–Onate and his minor stepson, Alan Morales, natives and citizens of Mexico, petition for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision of an im-

---

\* John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

migration judge ("IJ") denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process challenges to immigration decisions and the jurisdictional limitations of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny the petition in part, and dismiss it in part.

Petitioners' contention that the BIA's summary affirmance without an opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

The IJ properly found that the minor petitioner, Alan Morales, was statutorily ineligible for cancellation of removal because he conceded that he did not have a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring showing of hardship to the alien's "spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."); *see also Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144–45 (9th Cir.2002).

Substantial evidence does not support the IJ's finding regarding continuous physical presence in the United States. *See Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003).

We lack jurisdiction to review the IJ's decision denying the elder petitioner, Elias Soto–Onate, cancellation relief because that decision was based on the failure to demonstrate "exceptional and extremely unusual hardship." *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

Soto–Onate's remaining contentions are also without merit.

---

* John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

PETITION DENIED in part; DISMISSED in part.